IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00369-BNB

SHANE MCMILLAN,
ELLIS MOSHER, and
CHARLES HIPPS,

    Applicants,

v.

DAVID BERKEBILE,

    Respondent.

---

ORDER DISMISSING CASE

---

    An Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 was filed on February 11, 2013, purportedly by Shane McMIlan, Ellis Mosher, and Charles Hipps.  On February 12, 2013, Magistrate Judge Boyd N. Boland ordered the Applicants to cure certain enumerated deficiencies in this action within thirty days.    On February 26, 2013, the Court entered an Order Dismissing Applicant Charles Hipps, pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, based on Mr. Hipps' statements to the Court that he did not file the § 2241 Application.

    On March 6, 2013, the Court entered an Order Dismissing Applicant Ellis Mosher, pursuant to Fed. R. Civ. P. 41(a)(1), based on Mr. Mosher's statements to the Court that he did not file the § 2241 Application.

    On March 5, 2013, Applicant Shane McMillan filed a letter with the Court titled "Motion to Dismiss," (ECF No. 15), in which he states that he did not file the § 2241 Application.  Mr. McMillan requests that the Court dismiss the Application.  The Court

liberally construes the Letter/Motion as a notice of voluntary dismissal, pursuant to Fed. R. Civ. P. 41(a)(1).

Fed. R. Civ. P. 41(a)(1) provides that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ." No answer or motion for summary judgment has been filed by the Respondent in this action. Further, a voluntary dismissal under Rule 41(a)(1) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary. *See* J. Moore, Moore's Federal Practice ¶ 41.02(2) (2d ed. 1995); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968). The Letter/Motion, which the Court construes liberally as a notice of voluntary dismissal, therefore, is effective on March 5, 2013. Accordingly, it is

ORDERED that Applicant Shane McMillan is dismissed as a party to this action pursuant to Fed. R. Civ. P. 41(a)(1). It is

FURTHER ORDERED that the voluntary dismissal is without prejudice and is effective as of March 5, 2013, the date Mr. McMillan filed ECF No. 15, which the Court construes liberally as a notice of voluntary dismissal. It is

FURTHER ORDERED that this action is DISMISSED WITHOUT PREJUDICE. It is

FURTHER ORDERED that all pending motions are DENIED as moot.

DATED at Denver, Colorado, this __8th__ day of ___March___, 2013.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court